# IN RE ASSESSMENT OF TAXES, WAIAHOLE WATER COMPANY, LIMITED.

APPEAL FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

ARGUED OCTOBER 8, 1913.            DECIDED OCTOBER 16, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TAXATION—*exemption—water system.*

Property used in the construction of a water system created in the main for the purpose of supplying water to a cane-planting corporation and only incidentally for the purpose of selling water to the general public is not under Act 136 of the Laws of 1907 exempt from taxation.

ID.—*water rights—separate assessment.*

When by virtue of a conveyance water rights have been severed in ownership from the lands to which they were originally appurtenant, the water rights may be assessed separately for purposes of taxation.

ID.—*valuation—full cash value.*

> The fact that two days before the assessment date a taxpayer purchased property for the agreed price of $257,500 supports a finding that on the assessment date the full cash value of the property was $250,000.

### OPINION OF THE COURT BY PERRY, J.

This is an appeal from a decision of the tax appeal court for the first circuit sustaining an assessment of $250,000 upon certain property of the appellant. The property assessed consists of water rights formerly appurtenant to the ahupuaas of Waikane and Kahana and to other lands and also rights of way and sites for tunnels, ditches, dams and other works necessary for the development, transportation and use of the water referred to, all of which water rights and other property so assessed were granted and conveyed to the appellant on December 30, 1912, for the consideration of $257,500 payable $107,500 upon delivery of the conveyance and the balance in three yearly installments of $50,000 each. The assessment is contested on the ground that, as it is claimed, the property is under Act 136 of the Laws of 1907 exempt from taxation and on the further ground that on January 1, 1913, the property was of no value.

The statute relied upon provides that "For the term of ten years from and after January 1st, 1908, all property, both real and personal, actually and solely used in the construction, operation, maintenance of any water system, including therein ditches, tunnels, canals, flumes, reservoirs, water gates, dams and all other means of storing and distributing water, existing or established for the purpose of distributing water for sale to the general public for irrigation, agricultural and domestic purposes by any person or persons, corporation or joint stock company, who or which may establish or construct any such system after said first day of January, 1908, shall be exempt from all taxation imposed either by the Territory of Hawaii or any political subdivision thereof." The articles of association show that the Waiahole Water Company, Limited, the present appellant,

was organized to acquire, develop, store, convey and distribute water for irrigation, to erect all works necessary for the purpose and to sell and otherwise dispose of water; but they contain no indication that it is the intent of the corporation to at all times distribute water for sale *to the general public.* Of the 10,000 shares of the appellant's capital stock 9991 shares are owned by the Oahu Sugar Company, Limited, a corporation operating a large sugar plantation in the district of Ewa on this Island. The testimony of the witnesses advanced on behalf of the appellant is clearly to the effect that tunnels, ditches and other works are now in course of construction for the transportation of the company's waters from the Koolau side of the Island to the district of Ewa; that the Oahu Sugar Company has contracted to take a part of the water for use on its plantation; that one or two other corporations, some of their tenants and numerous other persons along the line of the ditch have already "either tentatively contracted or made overtures for" water from the appellant; that, as the appellant understands its rights and duties, it is not under a legal obligation to supply water to others than the Oahu Sugar Company and that, subject only to any existing contracts, it would be competent for the Oahu Sugar Company at any time to take all the water for its own use,—that, in other words, the Oahu Sugar Company will probably determine from time to time, as a matter of business, how much of the water to use on its own lands and how much, if any, to sell to others.

Under these circumstances it cannot be said that the water system which is being created by the appellant exists or is being established "for the purpose of distributing water for sale to the general public." The evidence leads irresistibly to the conclusion, on the contrary, that the main purpose of the establishment of the systems is to procure water for the use of the Oahu Sugar Company and that only as an incidental matter will others be supplied. In order to secure the desired exemption it must appear that the property is being "actually and solely

used" in the construction, operation and maintenance of a water system created to distribute water for sale to the general public. The appellant's property is not at present exempt under the statute referred to.

The court below found that the water rights and other property under consideration were on January 1, 1913, of the full cash value of $250,000. The evidence shows that on December 30, 1912, only two days prior to the assessment date, the appellant, with full knowledge of the estimated cost, possible difficulties, delays and other circumstances attendant upon the undertaking to transport the water from Koolau to Ewa purchased the water rights and other property involved in this appeal for the sum of $257,500, payable in the installments above stated. This is sufficient to support the valuation appealed from and there is no evidence requiring or justifying a lower valuation. The contention that the water is of no value because the tunnels and ditches are not completed and the water is still flowing into the sea cannot be sustained. The appellant's own estimate two days before the assessment date was quite to the contrary.

There was no illegality or error in assessing the water rights separately from the ahupuaas and other lands to which they were formerly appurtenant. By act of the parties themselves, the appellant and its grantors, the water rights were severed in ownership from the lands and can no longer be regarded, for purposes of taxation, as appurtenant to the lands. The water rights were certainly not assessed or assessable to the grantors on January 1, 1913, for on that day they were no longer the property of the grantors. Any assessment on that date to the grantors of the lands would include only the grantors' interest in those lands and would not include interests which had been previously conveyed to others. The intent of grantors, grantee and assessor to separate the water rights from the remaining interests in the lands is beyond doubt. There was no duplication of assessments upon the same water rights.

The decision appealed from is affirmed.

*A. A. Wilder (Thompson, Wilder, Watson & Lymer* on the brief) for the taxpayer.

*Wade Warren Thayer, Attorney General,* for the assessor.