## M. F. SCOTT AND NETTIE L. SCOTT *v.* ESTHER N. PILIPO, ET AL.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 6, 1914.        DECIDED OCTOBER 13, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PLEADING—*new parties.*

The plaintiff in a partition suit presented a supplemental bill and motion seeking to have A made a party defendant, alleging that he, during a portion of the time the suit had been pending, had collected certain rents for a moiety of the land, but did not show that he was a lessee or otherwise interested in the subject matter of the suit; an order directing A to show cause why he should not be made a party defendant was made, and he appeared specially and moved that the order be vacated which was done: Held, that the order to show cause was properly vacated.

PARTIES—*partition—lessees.*

While the lessee of a cotenant of land sought to be partitioned is a proper party to a suit for partition, the rule does not extend to one who is merely shown to have collected rents without showing that he is interested in the subject matter of the suit.

Scott v. Pilipo, 22 Haw. 252.

OPINION OF THE COURT BY QUARLES, J.

This is an appeal from an interlocutory order made by the third judge of the first circuit sitting in chambers in a partition suit. The suit has been pending for many years. One of the plaintiffs presented a supplemental bill, and a written motion for an order requiring one, C. K. Ai, to appear and show cause why he should not be made a party defendant to the suit. The order was made, and in response thereto, said Ai appeared specially and moved that the order be vacated on the ground that under the showing made in the supplemental bill he is not a proper or necessary party, and the circuit judge had no jurisdiction to make the order to show cause. This motion was sustained and the order to show cause vacated, from which this appeal was allowed by the circuit judge.

On behalf of the plaintiffs it is contended that the supplemental bill states facts showing that said Ai as claimant and holder of a leasehold interest in undivided shares of the land sought to be partitioned is a necessary and proper party. If this contention is true, said Ai is interested in the subject matter of the action, and is a proper party to the action and should be brought in. (R. L. Sec. 1738; *Pond* v. *Montgomery,* ante page 241; *Johnson* v. *Aleshire,* 114 N. Y. Supp. 398; *Thruston* v. *Minke,* 32 Md. 571; Freeman on Cotenancy and Partition §480.) On behalf of said Ai it is contended that the allegations of the supplemental bill show that the only object for bringing said Ai in as a party defendant is to obtain a money judgment against him. These contentions, and the order setting aside the order to show cause, must be decided upon the allegations of the supplemental bill, which is inartificially drawn. We quote those portions of the supplemental bill necessary to a determination of the questions before us. "Complainant alleges, that on date of February 21, 1896, C. Akau, who was one of the original parties defendant to this suit, made a lease of 22 acres, more or less, for a term of twenty years, in that part of the undivided lands within the belt makai of and

adjoining the upper government road, to Hamada, Kudia and Hakodo (Japanese), a copy of which lease is hereto attached, marked Exhibit 'A,' and by reference made a part hereof; that on date of June 24th, 1901, the aforesaid lessees, to wit, Hamada, Kudia and Hakodo, assigned and conveyed their interests in said lease to Tsuruda, who on date of January 24, 1904, conveyed the same to Harano, who has submitted himself to the jurisdiction of this Court, and who is still a party defendant; that on date of December 20, 1909, the said Harano conveyed a part of the interests of the aforesaid leasehold theretofore conveyed to him by Tsuruda as aforesaid, to We Tai Yuen, and that on other dates, either prior or subsequent to said date of December 20, 1909, the said Harano conveyed all other interests in and to said leasehold agreement to S. Yamaguchi and C. Taikao, who, the said We Tai Yuen, S. Yamaguchi and C. Taikao, have all submitted themselves to the jurisdiction of the Court and are parties defendant in this suit. * * * Complainant alleges, that neither Kamale 1, nor Kamale 2, either jointly or severally, had power to lease to C. Akau, the land, which said C. Akau sublet to Hamada, Kudia and Hakodo for a term of twenty years by the indenture of agreement, dated February 21, 1896, Exhibit 'A' hereto, and in which indenture of leasehold agreement, the lessor, C. Akau, recites that the premises he, the said C. Akau, was subletting, were the same premises leased to him, the said C. Akau, by Kamale 1 and Kamale 2, both of them members of the Hui. Complainant further alleges, that at all times since the formation of the Hui, the said Kamale 1 and Kamale 2, or their representatives or assigns, have been in possession of Hui lands, other than that set out by C. Akau, as having been leased by them to him, as aforesaid, in excess of the area to which, by the usages and customs of the Hui, they, the said Kamale 1 and Kamale 2, were entitled to use or occupy; that the premises described as sublet by said C. Akau, in said agreement, Exhibit 'A' hereto, were premises under control and belonging to the Hui, and that all rentals col-

lected under and by virtue of aforesaid indenture of agreement, to wit, Exhibit 'A' hereto, and paid by parties using the premises described in said agreement, and paid as rentals under and by virtue of said agreement, were rentals belonging to the Hui, and the party so receiving said rentals, received such as trustee for the Hui, and is liable to account to the Hui for the same. Complainant alleges, that since the year 1907, the said Harano, or his assigns, the said We Tai Yuen, S. Yamaguchi and C. Taikao, described in paragraph III hereinbefore, as successors of Hamada, Kudia and Hakodo, through Tsuruda, have occupied and used as tenants, under and by virtue of the aforesaid leasehold agreement, dated February 21, 1896, Exhibit 'A' hereto, the premises described in said agreement; and that since said year 1907, they, the said Harano, We Tai Yuen, S. Yamaguchi and C. Taikao, have attorned in payment of rent for the use of said premises to said C. K. Ai, herein complained of, and have paid to said C. K. Ai, as rentals for the use of said premises, a total sum of $1210.00, an itemized statement showing the several amounts making said total, and the date of payment of each several amount, is hereto attached, marked Exhibit 'B', and by reference made a part hereof. Complainant further alleges, that since the year 1907, the said C. K. Ai, claiming as successor of original lessor, or successor of successors of original lessor, has attorned as lessor under and by virtue of aforesaid leasehold agreement, Exhibit 'A' hereto, to said Harano, We Tai Yuen, S. Yamaguchi and C. Taikao, and has claimed and collected as rents for the use of said premises described as being sublet by C. Akau in the said leasehold agreement, Exhibit 'A' hereto, the several amounts set out in the statement, Exhibit 'B' hereto.'' The relief prayed for against said C. K. Ai is ''That upon hearing and proof of all or sufficient of the allegations hereinbefore, that said C. K. Ai may be ordered to pay into Court for the benefit of all the members of the Hui, all sums collected and received by him as rentals for the premises described'' etc.

It is thus seen that the plaintiff alleges that since 1897 Harano, We Tai Yuen, S. Yamaguchi and C. Taikao have attorned in payment of rent for the use of said premises to said C. K. Ai, and that said Ai has attorned as lessor to said Harano, We Tai Yuen, S. Yamaguchi and C. Taikao. Just what was in the mind of the pleader in using the word attorn, especially in the last instance, is somewhat in doubt. Under the feudal laws of England the lord could not alienate his estate without the consent of his tenant, and in the latter case the lord, his grantee and the tenant appeared before the *paries curiae* or court baron, and signified the turning over from the former lord to the new one. (Wash. R. Prop. 6th ed. Secs. 69, 83.) A tenant attorns when he, during the term of his lease, takes a lease from a person other than his landlord. The signification of the word in modern legal usage is: To transfer or turn over to another; to assign to some particular use or service. (Bouvier's Law Dict.; *Eichelberger* v. *Sifford,* 27 Md. 320, 330.) If A attorns to B, and B attorns back to A, each would seem to be in the same position as he was in before there was any attornment. Whether Ai has collected rents as owner of a leasehold under original cotenants or members of the Hui, or merely for some other purpose, or under a claim adverse to all, or has collected such rents without claim of right, is not sufficiently shown in the supplemental bill. In order to show that he is a proper party to the suit something must be shown further than the mere collection of rent. While a lessee of one of the owners of undivided lands is a proper party to a suit for partition, the rule does not extend to a stranger who wrongfully collects rents for a portion of the lands and against whom the owners have their remedy at law.

The order appealed from is affirmed, with costs to the appellee.

*M. F. Scott* for plaintiffs.

*W. L. Stanley* (*Holmes, Stanley & Olson* on the brief) for defendant C. K. Ai.