*I. M. Stainback* for appellee.

---

M. F. SCOTT, ET AL., *v.* C. K. AI.

No. 1283.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED SEPTEMBER 30, 1920.          DECIDED OCTOBER 7, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF 'KEMP, J., ABSENT.

OPINION OF THE COURT BY COKE, C. J.

This controversy in one form or another has persistently haunted this court for the past twenty-three years.

Its reappearance has usually been the result of the blunder of counsel on one side or the other. It is now before us on the appeal of the Scotts and those interested with them from an order of the circuit court directing the refund to the appellee, C. K. Ai, of the sum of $1168.30 out of the sum of $2185.23, which by order of Court Ai was heretofore required to pay into court. This sum represented the amount of rent with interest which Ai wrongfully collected from tenants occupying a portion of the hui lands of Holualoa, Island of Hawaii. Out of this fund the Scott interests were found to be entitled to the sum of $1016.93, while the Castle interests were entitled to $1168.30, the amount now in controversy. It was held by this court (25 Haw. 386) that the Castle interests had waived their right to participate in the fund. The Scott interests now urge that they should be paid the sum which otherwise would have gone to the Castle interests although the entire damage sustained by them by reason of the wrongful occupancy of a part of the hui lands by Ai or his tenants has been paid to them. They clearly have neither a moral nor a legal claim to the sum which but for the waiver would have been paid to the Castle interests.

Counsel for appellants erroneously assumes that because his clients have suffered damages by reason of the occupancy of portions of the hui lands by persons other than Ai or his tenants, and for which damages they have never been reimbursed, the fund now in question should be applied to the liquidation of those damages. Of course the fund paid into court by Ai can be properly used only to satisfy the claim of the hui members against him. The Scott interests received their full quota of the claim against Ai and the Castle interests waived their claim, hence the court properly directed a return of the fund,

which but for the waiver would have been paid to the Castles, to its original source, that is, to Ai.

The decree appealed from is affirmed.

*M. F. Scott* for plaintiffs.

*W. L. Stanley* (*Smith, Warren & Stanley* on the brief) for defendant.