MARY E. FOSTER *v.* WAIAHOLE WATER COMPANY, LIMITED.

No. 1164.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED DECEMBER 1, 2, 3, 1920.          DECIDED JANUARY 17, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

DEEDS—*leases—merger.*
   Where a lessee for years acquires the fee in the property leased the lesser estate is merged in the greater.

TENANCY IN COMMON—*conveyance of water right by one cotenant.*
   Where a cotenant conveys his undivided interest in the water

rights of the cotenancy the deed is valid as between the parties thereto and voidable by the nonassenting cotenants to the extent only that they may show that the transfer is prejudicial to them.

SAME—*same*—*easements.*

It is settled law that one cotenant may transfer his undivided interest or any aliquot part thereof to a third person and the modern rule is that one of the cotenants may by metes and bounds convey a specific part of the common property by a deed valid between the grantor and grantee and voidable by the nonassenting tenants in common to the extent only that the conveyance may impair or vary their rights. And the rule is the same whether the deed conveys the fee or an easement only.

### OPINION OF THE JUSTICES BY COKE, C. J.

This cause is here on a submission. The agreed facts briefly stated are as follows: In December 1912 the plaintiff Mary E. Foster was the owner of approximately 9/10 of the shares of the hui of Kahana, Island of Oahu; L. L. McCandless was the owner at that time of 1/16 of the shares of the said hui. The hui lands are situated at Kahana, Oahu, and comprise 5267 acres of land extending from the summit of the Koolau range to the sea on the windward side of Oahu. This tract is covered by L. C. A. 8452, Ap. 2, R. P. 4387 to A. Keohokalole. At the date above mentioned the said L. L. McCandless was the owner of lands and interests in lands in the ahupuaa of Waikane and elsewhere in that vicinity a few miles to the southwest of Kahana. The defendant, the Waiahole Water Company, Limited, entered upon an enterprise to acquire water and water-rights on the windward side of Oahu where there was an abundance of water and to convey the same through and across the mountains to the arid lands on the leeward side of the island. Pursuant to this plan the water company on December 21, 1912, obtained from the hui of Kahana a lease at a rental of $40,000 per annum to run for fifty years from the date water should be delivered through the tunnel to or in

the Koolau range which the company purposed construct-
ing (which date in fact turned out to be May 27, 1916,)
of the hui's water or water rights appurtenant to the
ahupuaa of Kahana above the level of a proposed conduit
which was to be between the elevation of 774 and 790
feet above sea level, together with incidental rights of way
and construction rights necessary for taking the water,
and subject to the rights of Kahana hui members and
residents of the valley below the intake to have sufficient
water for irrigation and domestic purposes in Kahana.
The water covered by the lease was the konohiki or sur-
plus water as distinguished from prescriptive waters.
On December 30, 1912, L. L. McCandless and the Waikane
Water Company, Limited, granted and conveyed to the
water company for the consideration of $257,500 all the
water and water rights owned by each of them appurte-
nant to the ahupuaas of Kahana, Waikane and Waiahole,
together with the incidental rights of way and construc-
tion rights necessary for taking the water subject to the
rights of the residents of the valley and the hui members
other than the grantors to have water for domestic and
irrigating purposes and subject to other provisions not
material to this controversy, and subject also to the limi-
tation that the water should be taken only above the 450
feet level.  This deed conveyed all of the konohiki or
surplus waters and the prescriptive and other waters, if
any, so far as owned or controlled by the grantors, with
the exception above noted.   On March 7, 1916, L. L.
McCandless for the consideration of $20,000 released and
quitclaimed to the plaintiff Mary E. Foster all his right,
title, interest and estate in and to his shares and parts or
interests in shares of the hui land of Kahana and in his
kuleanas in the ahupuaa of Kahana.

We thus have three instruments to deal with, the first
of which will hereafter be referred to as the Kahana

lease, the second as the Kahana deed and the third as the Foster deed.

The Waiahole Water Company (which we will refer to as the water company) has under the provisions of the Kahana lease been required to pay the rent reserved to the lessees therein, to wit, the sum of $40,000 per annum since May 27, 1916. At the same time it has claimed and still claims that having purchased the interests of Mr. McCandless in the hui water and water rights demised in the Kahana lease it is entitled to withhold its proportionate share of the rent hereafter to be paid by it and to have returned its proportionate share thereof paid since May 27, 1916, and which has been impounded by agreement of the parties pending the outcome of this proceeding. We have therefore before us the following questions which have been reserved for our decision:

"(1) Whether said indenture of December 30, 1912, was effectual to grant or convey to said Waiahole Water Company, Limited, the waters, water rights and other rights or easements, or any of them, purported to be granted or conveyed by said indenture, notwithstanding that at the date of said indenture of December 30, 1912, said Mary E. Foster was and ever since has been and now is a cotenant of said land and as such cotenant now questions the validity of said indenture of December 30, 1912, and desires the same to be held void, as to said waters, water rights and other rights or easements.

"(2) Whether said Mary E. Foster, a cotenant, is estopped from asserting as such cotenant, the invalidity of the grant of said waters, water rights or other rights or easements by the fact of said indenture of March 7, 1916, from said L. L. McCandless to her.

"(3) Whether said indenture of March 7, 1916, was effectual to grant or convey to said Mary E. Foster the shares, parts of shares and undivided interests in said ahupuaa mentioned in paragraph V hereof, as formerly owned by said L. L. McCandless together with said

waters, water rights and other rights or easements pertaining to or in respect of the same, notwithstanding said indenture of December 30, 1912, and not subject thereto, and free and clear of the rights and title claimed by said Waiahole Water Company, Limited, to have been acquired by it under said indenture of December 30, 1912.

"(4)   Whether said Mary E. Foster or said Waiahole Water Company, Limited, is entitled to the proportionate share of the rentals payable under said indenture of December 21, 1912, in respect to the waters and water rights and other rights or easements pertaining to or in respect to said shares and parts of shares or undivided interests so formerly owned by said L. L. McCandless."

The term "hui," as employed in local parlance, denotes a tenancy in common. This court has already defined the status of the hui of Kahana as follows: "The Hui of Kahana as such is not a legal entity. It is neither a corporation nor a partnership. The title to its lands is not in a trustee for its use and benefit but is held in undivided interests by the members themselves as tenants in common." *In re Taxes Hui of Kahana,* 21 Haw. 676, 678. There can be no question of the validity and purpose of the Kahana lease. This lease was executed by all the members of the hui through duly authorized agencies.

Counsel for Mrs. Foster maintain that the first and second questions above should be answered in the negative and that the third and fourth questions should be answered favorably to Mrs. Foster, and in support of their position they contend: "First, that the deed of December 30, 1912, did not purport to, and could not convey more than was left unconveyed by the lease of December 21, even assuming that the small cotenant could convey something with respect to water rights and easements appurtenant to the lands of the cotenancy. Second, that it is a thoroughly established rule of law that a cotenant cannot convey easements with respect to the

lands of the cotenancy, and that any such attempted conveyance is simply void. Third, it is submitted that there is no possible case for the estoppel of the plaintiff in this action to assert the invalidity of the deed in question. She was the principal owner in the hui of Kahana at the time that her small cotenant purported to convey the easements in question against her and the other cotenants. There was no case for an estoppel then, and she is not estopped now, merely because she has since then acquired the interest of that cotenant in the said hui. Fourth, it is submitted that even if we assume that the Waikane deed by referring to the lands of Kahana conveyed water rights already conveyed; even if we forget for the moment the fact that a purported conveyance of easements by a cotenant is void; and even if we assume that the principal owner by buying out the small interest of a cotenant who has purported to convey easements against her, has thereby been estopped to show that the conveyance was void *ab initio* as against her and her other cotenants; there is, nevertheless, purported to be conveyed by the deed of December 30, nothing but water rights and easements, so that, by no possible conception of the law or facts, could it be construed to be an assignment of rentals for water rights already transferred. On no theory of the law is the water company in this case entitled to any of the rental money due under the lease of December 21, 1912."

By the terms of the Kahana lease the water company acquired the right for the term of fifty years from and after the 27th day of May, 1916, to divert, take and carry away all of the water of or appertaining to the ahupuaa of Kahana above the level of 774 feet in excess of such water as would be necessary to irrigate the lands below the point of intake which in no case should be less than 774 feet above sea level, which lands were entitled or

accustomed to water, and in excess of waters necessary for the domestic purposes of residents in the valley of Kahana. The Kahana deed purports to convey to the water company all and singular the water and water rights owned or controlled by Mr. McCandless which were appurtenant to the ahupuaa of Kahana and also all water and water rights of or belonging to any share or parts of shares owned by McCandless in the hui of Kahana, and also all water rights appurtenant to any rice or taro lands in the ahupuaa of Kahana owned or controlled by McCandless, provided that all such waters must be taken or intercepted above the elevation of 450 feet above mean sea level. In another paragraph in the Kahana deed Mr. McCandless constitutes and appoints the water company his true and lawful attorney-in-fact for him and in his name, place and stead and as his act and deed to demand, collect, receipt for and take all lawful means to obtain any and all rents, issues and profits payable for any or all water or water rights appurtenant to or flowing into the ahupuaa of Kahana and intended to be conveyed to the water company by said deed. In the Foster deed Mr. McCandless quitclaimed to Mrs. Foster all of his right, title and interest in and to all lands awarded or patented situated within the ahupuaa of Kahana including all his right, title and interest in the shares or interest in shares of the hui of Kahana theretofore owned by him. This conveyance was by express terms made "subject to the indenture dated the 30th day of December, 1912, made by and between said L. L. McCandless of the first part, Waikane Water Company, Limited, of the second part, and the Waiahole Water Company, Limited, of the third part, and of record in liber 386, pages 355-366, said registry, so far as the same indenture affects the hereditaments herein expressed to be hereby released and quitclaimed."

Counsel for Mrs. Foster make the contention that even assuming that a cotenant could convey an interest in water rights or easements appurtenant to the lands of the cotenancy yet because McCandless had already leased his rights in the Kahana water he could not thereafter convey the same property while the lease was in force and hence the water company acquired no rights in water by virtue of the Kahana deed, and they make the further contention that because in the Kahana deed there is no express assignment or transfer of the rent which would accrue to McCandless by the terms of the Kahana lease the right to the rent or any part thereof did not pass to the water company.  We do not think the premises upon which these contentions rest are tenable because it is settled law that the existence of a lease in no sense prevents conveyances of the property demised and it is also the rule that a grant of demised property carries with it as an incident of ownership the right to the rent.  See *Silveira* v. *Ahlo,* 16 Haw. 702; 24 Cyc. pp. 1172-1175.  All of the rights of Mr. McCandless in the hui of Kahana leased to the water company by the terms of the Kahana lease were conveyed to the water company by the Kahana deed and if this deed is otherwise valid the effect of it was to merge the leasehold estate in the freehold acquired by the water company through the deed for where a lessee for years acquires the fee in the property leased the lesser estate is merged in the greater.  See 10 R. C. L. pp. 666, 668; *Carroll* v. *Ballance,* 79 Am. Dec. 354, 359.

It seems to us that the graver question involved in this case is, Was the attempted conveyance by Mr. McCandless to the water company of his undivided interest in the water rights appurtenant to the common property void under the rule relied upon by counsel for Mrs. Foster and announced in Goddard on Easements pp. 93, 94,

and recognized in *Pfeiffer* v. *Regents of University*, 74 Cal. 156, and other authorities cited by counsel to the effect that a tenant in common cannot convey to a stranger or reserve to himself an easement upon the land of the cotenancy.

Counsel for Mrs. Foster invoke the rule upon two grounds. First, because such a transfer involves the conveyance of an easement and of itself amounts to an interference with the technical rights of the other cotenants, and second, because such a conveyance is an attempt to set aside and partition a part of the common property of the cotenancy and thus is an encroachment upon the rights of the other cotenants. Of course if the Kahana deed interfered with or transgressed the rights of the other cotenants it would not be valid as to them but under the circumstances of this case we fail to comprehend how their rights are detrimentally affected by the transfer from Mr. McCandless of his water rights in the ahupuaa to the water company. The water demised by the Kahana lease is properly termed ahupuaa, konohiki or surplus water and was never appurtenant to any particular part of the land and is thus distinguished from prescriptive or riparian water rights. It is this class of water which originally the chief or konohiki could dispose of at will irrespective of the rights of the other owners and tenants upon or within the ahupuaa in the prescriptive or riparian waters. *Haw'n. Com. & Sug. Co.* v. *Wailuku Sug. Co.*, 15 Haw. 675.

And the record before us shows that the members of the hui, who were the owners of the cotenancy, by virtue of the Kahana lease separated the konohiki water rights from the lands of the ahupuaa—a situation which has already been recognized by this court in *Re Taxes Waiahole Water Co.*, 21 Haw. 679, 682, where the court said: "There is no illegality or error in assessing the water

rights separately from the ahupuaas and other lands to which they were formerly appurtenant. By act of the parties themselves, the appellant and its grantors, the water rights were severed in ownership from the lands and can no longer be regarded for the purpose of taxation, as appurtenant to the lands. * * * The intent of grantors, grantee and assessor to separate the water rights from the remaining interests in the lands is beyond doubt."

The cotenants themselves have therefore created out of the common property an easement in gross which they have recognized and dealt with as separate and independent property and we cannot conceive of any sound reason why any one of the cotenants might not transfer his interest in the easement thus created to a third party by a deed which is valid at least during the life of the easement. Of course at the expiration of the lease the easement would terminate and the water and water rights would revert to their former status. The validity of the deed as to those waters and rights would then depend upon whether it transgressed the rights of the cotenants not parties thereto.

The other water and water rights conveyed by the Kahana deed to the water company, but which are not included within the Kahana lease, to wit, the konohiki waters below the 774 foot level and the prescriptive waters belonging to the McCandless shares, are in a different status from the leased waters by reason of the fact that they have not been separated from the other property of the hui by any act of the members of the cotenancy, but it seems to us that the conveyance of those waters from McCandless to the water company must be held to be valid as between the parties to the deed and voidable by the nonassenting cotenants to the extent only that they may show that the transfer would be prejudicial to them. Mrs. Foster has made no such showing.

It is settled law that one cotenant may transfer his undivided interest or any aliquot part thereof to a third person and it is the modern rule recognized by the courts of this jurisdiction that one of the cotenants may by metes and bounds convey a specific part of the common property by a deed perfectly valid between the grantor and grantee and voidable by the nonassenting tenants in common to the extent only that the conveyance may impair or vary their rights. *Scott* v. *Pilipo*, 24 Haw. 277, 283; *Pastine* v. *Altman*, 107 Atl. 803; 38 Cyc. 115. And see cases collected in note to *Pellow* v. *Arctic Iron Co.*, 164 Mich. 87, 128 N. W. 918, 47 L. R. A. (N. S.) 573, Am. Cas. 1912B 827. The supreme court of California in *East Shore Co.* v. *Richmond Belt Ry.*, 172 Cal. 174, recognizing and applying this rule, held that it is immaterial whether the deed conveys the fee or an easement only. In either case there must be no material injury to the rights and interests of the other cotenants. These views may not coincide with the expressions of some early day text writers and judges but they are in accord with reason and justice and afford protection to the rights of all concerned. The law is a progressive science and while the views of courts, judges and text writers are entitled to respect a strict adherence to precedent would prevent all progress in the law. It would, to adopt the language of Mr. Justice Matthews in *Hurtado* v. *California*, 110 U. S. 516, 529, be to stamp upon our jurisprudence the unchangeableness of the laws of the Medes and Persians.

In the submission the parties have stipulated that this proceeding shall be considered so far as may be in the nature of a suit in equity to quiet title or to remove a cloud from a title, etc., or any other appropriate suit or proceeding in equity.

Viewed from every angle all the equities of the controversy repose with the water company. Mrs. Foster

has not shown or attempted to show any impairment of, or encroachment upon, her rights by reason of the Kahana deed.   The water company has merely succeeded to the rights of Mr. McCandless in the water in controversy without disturbing or affecting her rights therein and under those circumstances it will be manifestly inequitable and fundamentally wrong to sustain her present attempt to vitiate the deed from McCandless to the water company and thus take away from the company valuable property rights which it has acquired in good faith and for which it has paid a very substantial consideration.

Our theory of the law hereinabove expressed, as applied to the facts presented by the record herein, necessarily establishes the right of the company to have refunded to it all rents which it has paid under the terms of the Kahana lease since the date of the Kahana deed in respect to water and water rights and other easements pertaining or in respect to the shares or parts of shares in the hui of Kahana formerly owned by McCandless and conveyed by him to the water company by said deed and further establishes the right of the water company to be relieved from the payment of any further rents in respect to said water and water rights.   And we further hold, in the absence of any showing by Mrs. Foster of any encroachment upon her rights by reason of the Kahana deed, that said deed is valid and effectual to convey the water and water rights and other easements pertaining or in respect to the shares and parts of shares formerly owned by McCandless and conveyed by him to the water company under the terms of said deed.

These conclusions render it unnecessary for us to deal with the doctrine of estoppel presented in paragraph 2 of the reserved questions except that in this behalf it may be said that as Mrs. Foster's deed from McCandless was made expressly subject to the provisions of the Ka-

hana deed she could not as the grantee of McCandless question the purpose and effect of the deed from McCandless to the water company.

The four questions propounded are therefore disposed of as follows:

Question No. 1 is answered in the affirmative.

Question No. 2 is not answered.

Question No. 3 is answered in the negative.

Question No. 4 is answered as follows: The water company is entitled to the proportionate share of the rentals payable under the lease in respect of the water and water rights pertaining to the McCandless shares.

It should be stated, however, that the answers to the foregoing questions are based upon the record before us and must not be taken as finally determining or establishing the rights of the parties in the waters of the cotenancy.

A decree will be made in accordance with the views herein expressed.

*B. S. Ulrich* (*Thompson & Cathcart* on the brief) for Mary E. Foster.

*W. F. Frear* (*Frear, Prosser, Anderson & Marx* on the brief) for the Waiahole Water Company, Ltd.