STATE OF MISSOURI, at the Relation of State of Missouri, STATE PARK BOARD OF MISSOURI, and JOHN M. DALTON, Attorney General of Missouri, Relators, v. JOSEPH T. TATE, Judge of Thirty-second Judicial Circuit of Missouri, Respondent, No. 45415—295 S. W. (2d) 167.

Court en Banc, November 12, 1956.

*John M. Dalton,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for relators.

1214

*Leo A. Politte* for respondent.

[167] WESTHUES, J.—The Sandy Ford Ranch, Inc., a Missouri corporation, filed a partition suit in the Circuit Court of Franklin County, Missouri, seeking to .partition two 40-acre tracts of land. The defendants named were the State of Missouri, the Missouri State Park Board, and John M. Dalton, Attorney General [168] of Missouri. It was alleged that plaintiff owned an undivided one-half interest in one tract and the State of Missouri owned a one-half interest; that plaintiff owned a one-fourth interest in the other tract and the State of Missouri owned the other three-fourths interest.

Defendants filed a motion to dismiss the petition on the ground that this was a suit against the State and since the State had not given its consent, the suit could not be maintained. The trial judge, Joseph T. Tate, sustained the motion to dismiss as to the Attorney General, John M. Dalton, but overruled the motion to dismiss the case as to the State of Missouri and the State Park Board. The case was set for trial for May 3, 1956. After the ruling on the motion to dismiss, a proceeding in prohibition was instituted in this court by the defendants seeking to enjoin the respondent, Joseph T. Tate, Judge of the Thirty-second Judicial Circuit, from proceeding with the case. This court issued its preliminary rule in prohibition; respondent filed a return; and relators filed a reply. The case was submitted on briefs in this court on September 28, 1956.

The vital question here presented is whether a suit in partition may be maintained in a case where the State has acquired and owns an undivided interest in the land sought to be partitioned. It is a well established rule that a state by reason of its sovereign immunity cannot, unless it has given its consent, be sued in its own courts. 81 C. J. S. 1300, Sec. 214.

Is a partition suit wherein a plaintiff alleges that the State owns an undivided interest in the land sought to be partitioned a suit against the State? A test to determine whether a suit is against the State was stated in People of Colorado v. District Court, 207 F. (2d) 50, l.c. 56 (2), where the U.S. Court of Appeals, Tenth Circuit, said: "Whether a suit is one against a state is to be determined, not by the fact of the party named as defendant on the record, but by the result of the judgment or decree which may be entered." See also 81 C.J.S. 1311, Sec. 216.

It has been ruled that an action for a declaratory judgment which does not seek any claim or affirmative or coercive relief against the state is not an action against the state. Town of Ohio v. People, 35 N.Y.S.(2d) 107, 264 App. Div. 220. In State ex rel. State Tax Commission v. Chavez, 44 N. M. 260, 101 P.(2d) 289, the court held that a suit by a city to foreclose paving assessment liens against property owned by the state was not a suit against the state.

A partition suit filed by a cotenant, as authorized by Section 528.030, RSMo 1949, V.A.M.S., is a proceeding having for its purpose a division of the land among the tenants in common or if a sale be had, a distribution of the proceeds among its co-owners. It is a proceeding in rem and not in personam. 68 C.J.S. 31, Sec. 20 Each owner of an undivided interest in an estate owned by tenants in common has the absolute right to file a partition suit to have the land divided in kind or if that be impracticable, to have it sold and the proceeds divided among the owners. See Stewart v. Stewart, 277 S.W.(2d) 322, l.c. 324 (1, 2), where Judge Stone of the Springfield Court of Appeals reviewed the law applicable to partition suits. We approve what was there said.

A grantee of an undivided interest of one tenant in common acquires all of his grantor's rights and interests and also takes the interest in the land subject to the rights of the other cotenants. 86 C.J.S. 533, Sec. 120c; see also 86 C.J.S. 370, Sec. 8b. It follows that at the time the State of Missouri acquired an undivided interest in the land sought to be partitioned in this case, it acquired the interest of its grantor, no more no less. It also follows that the State holds title subject to the rights of the other cotenant, the plaintiff in this case. If this were not so, then an [169] owner of an undivided interest in land could by transferring his interest to the State virtually destroy the value of the interest of his cotenants. The plaintiff, Sandy Ford Ranch, Inc., does not seek any relief against the State. Ownership of an undivided interest in the State is admitted. All plaintiff seeks to do by the partition suit is to separate the common interest into distinct portions of the land to be held by the respective owners in severalty. Or if that be not practicable, to have the land sold and each cotenant take its share of the proceeds.

We hold that the present partition suit is not an action against the State and therefore not barred by the immunity rule. 49 Am. Jur. 307, Sec. 94.

Relators cite the case of Kentucky State Park Comm. v. Wilder, 76 S.W.(2d) 4, as holding that a partition suit may not be maintained against a state. That case so holds. See 76 S.W.(2d) l.c. 5 (4). The court then goes further and suggests a remedy, as follows: ''This, however, does not mean that if appellees, in fact, have an interest in the property in controversy, they are wholly without remedy. It would be an anomalous situation indeed if the commonwealth, by ac-

quiring a small interest in real estate, could deprive other owners of their right of property therein. This would be an absolute power over the property of the individual, a power which our Bill of Rights declares does not and cannot exist under a republican form of government. As appears from the record, the state has taken private property for public use without compensating some of the joint owners therefor. Section 13 of our Constitution, which is included in the Bill of Rights, forbids such a taking and section 242 of the Constitution likewise provides that just compensation shall be made for private property taken, injured, or destroyed for public use. Under these express provisions, an appropriate action will lie against the commonwealth as well as against corporations or individuals for damages growing out of the taking, injuring, or destroying of private property for public purposes.''

We do not consider the reasoning and the result reached in that case to be sound. Is not a suit for damages wherein a state is named a defendant an action against the state? We deem it a better rule for preserving the rights of all the co-owners of land to permit a suit in partition to be maintained even if the State has in some way acquired an undivided interest therein. In such a suit, the interests of all parties are protected and preserved; no judgment can be entered against any of the cotenants; therefore no judgment can be entered against the State. It is simply a suit to divide the property among the co-owners.

It follows that our preliminary rule in prohibition should be and is hereby quashed. All concur.