## ELIZABETH LOY MARKS, ET AL., *v.* EMILY AH NEE, ET AL., (STATE OF HAWAII).

### No. 4408.

SEPTEMBER 25, 1964.

TSUKIYAMA, C.J., WIRTZ, LEWIS, MIZUHA, JJ., AND CIRCUIT JUDGE OKINO, IN PLACE OF CASSIDY, J., DISQUALIFIED.

*Per Curiam.* This is an interlocutory appeal, duly allowed, from an order denying the State's motion that it be dismissed from the case on the ground of sovereign immunity.

Plaintiffs, alleging themselves to be the owners of 32 out of 33 shares in hui land known as the Ahupuaa of Waikane, Royal Patent Grant No. 464 to Edwin O. Hall

and Henry Dimond, brought this action for partition naming the State of Hawaii among the defendants. However, the complaint contains no allegation that the State is a tenant in common with plaintiffs or anyone else. The allegations as to the State are:

(1) That among the exclusions from the hui lands is "Church lot belonging to the government," and that "with regard to the reservation of a church lot of 5.00 acres referred to as an exclusion, Petitioners know of only 2.09 acres having been conveyed to any church, said conveyance being made under Grant 9632."

(2) That plaintiffs own 32 shares "less their interest in certain Hui Land conveyed by deed of L. L. McCandless to the Territory of Hawaii, dated August 12, 1938, and recorded in the Bureau of Conveyances in Liber 1455 at page 246."

(3) That the State "claims or may claim some right or interest in some Hui Lands by dedication, prescriptive use or otherwise, the exact nature and extent of which claims are unknown to the Petitioners who therefore leave said Respondent to its proof thereof."

(4) That "it may be necessary or desirable," in connection with the recommendations of commissioners as to the parcel or parcels to be awarded and set off to each of the owners, that such recommendations include "water rights and other easements and privileges appurtenant thereto."

The first, third and fourth of these items present clear instances in which the sovereign cannot be sued without its consent. *Cf., Kawananakoa* v. *Polyblank,* 205 U.S. 349; *Bush* v. *Territory,* 13 Haw. 1; *Meyer* v. *Territory,* 36 Haw. 75. Even if it be assumed, as a general rule, that the State may be sued in a partition action, the State cannot be forced in such suit to submit for adjudication

its claim to or covering the church lot, water rights, boundaries, or any other claim involving a contest as to ownership or the extent of the State's right, title and interest. *Rambo v. United States,* 145 F.2d 670 (5th Cir.); *Jones v. United States,* 127 F. Supp. 31; *Tracy Dev. Co. v. People,* 212 N.Y. 488, 106 N.E. 330.

Turning now to the second item above enumerated, we have before us the 1938 deed there referred to[1] and take note of its provisions. It is an exchange deed whereby the Territory acquired for highway purposes certain parcels of the aforesaid Royal Patent Grant 464, known as the Ahupuaa of Waikane, these parcels comprising about three acres in total area out of some 1600 acres of the Ahupuaa of Waikane. The grantor, Lincoln Loy McCandless, plaintiffs' predecessor, warranted the title to this land, and if it still was hui land when so conveyed this does not appear in the deed. The land conveyed by the Territory in exchange was granted to Mr. McCandless. Plaintiffs concede that the land conveyed to the Territory has long since been occupied and used for highway purposes.

Although no such claim on the part of any person appears from the record before us, plaintiffs contend that the State holds these highway parcels as a tenant in common with the defendants holding the outstanding one share out of the 33 hui shares. The State contends that it holds the absolute title and not a mere undivided interest. As held in *Meyer v. Territory, supra,* 36 Haw. 75, 78, if it be made to appear at any stage of the case that the State claims title, the court's jurisdiction over the merits of such claim thereby is ousted under the doctrine of sovereign immunity, even if the point was not raised

---

[1] The State appended portions of this deed to its reply brief. Plaintiffs moved to strike from the brief any excerpts from the deed, or in the alternative that the entire deed be made part of the record. The latter was ordered.

in the trial court. So we do not deem it material whether the State asserted in the trial court that it is the absolute owner of the property described in and conveyed to the Territory by this deed. The State so claims in this court and that is sufficient to oust jurisdiction over the merits of such claim. Moreover, as has been noted, there is no allegation in the complaint that the State is a tenant in common with plaintiffs or anyone else. The motion to dismiss therefore made no admission that a cotenancy existed. Accordingly, the motion to dismiss should have been granted.

We do not reach the question whether, when the State concedes that it holds only an undivided interest, a partition suit may be maintained against the State. The material point here is that the State claims the entire fee of the highway parcels, and the extent of its interest cannot be adjudicated in this suit. *Rambo* v. *United States, supra,* 145 F.2d 670 (5th Cir.) ; *Jones* v. *United States, supra,* 127 F. Supp. 31. If the State may be sued in partition it is because the acquisition by the State of an undivided interest necessarily has that result, upon application of the principles set out in *State* v. *Tate,* 365 Mo. 1213, 295 S.W.2d 167, cited by plaintiff. Such principles, if deemed sound and acceptable, do not extend beyond the scope of partition according to the usual practice of courts of equity in cases of partition. As held in *Rambo,* under this usual practice a bill for partition cannot be made the means of trying a disputed title.

We have considered *Kentucky State Park Comm'n* v. *Wilder,* 256 Ky. 313, 76 S.W.2d 4; 260 Ky. 190, 84 S.W.2d 38, also cited by plaintiffs. In so far as the Kentucky court there permitted an action for compensation for the taking of property for public use when the private ownership was contested by the government, the holding is directly contrary to *Meyer* v. *Territory, supra,* 36 Haw.

75, citing, quoting and following *Tempel* v. *United States,* 248 U.S. 121, 130: "The law cannot imply a promise by the Government to pay for a right over, or interest in, land, which right or interest the Government claimed and claims it possessed before it utilized the same."

We have considered also the provisions of R.L.H. 1955, c. 337, relating to partition. There can be no doubt that by chapter 337 power is conferred to proceed not only "according to the usual practice of courts of equity in cases of partition" but also "according to the provisions of this chapter in enlargement thereof." R.L.H. 1955, § 337-1. The trying of a disputed title in a partition suit is an enlargement of the usual powers of courts of equity in such suits. *Rambo* v. *United States, supra,* 145 F.2d 670 (5th Cir.). As we have said, application against the State of this enlarged power is not justified by the principles set out in *State* v. *Tate, supra.* Accordingly, application against the State of this enlarged power would have to be based on express statutory consent thereto. Plaintiffs seek to find that consent in section 337-2, providing for joinder of every "person" having any estate or interest. Such general language cannot be construed as a waiver of sovereign immunity. *Berton* v. *All Persons,* 176 Cal. 610, 170 Pac. 151, 154; 3 Sutherland, *Statutory Construction,* § 6301 (3d ed.). The provisions of chapter 337 therefore confer no power on the court to try a title dispute where the adversary is the State. The State has consented to be sued in the Land Court under R.L.H. 1955, c. 342, and to some extent under other statutes. In the absence of a statute which will serve the litigant's purpose application must be made to the legislature for permission to sue.

Plaintiffs take the position that the State is a necessary, perhaps an indispensable party, and cannot be dismissed without impairing plaintiffs' right to partition,

citing *Ferris* v. *Montgomery Land & Improvement Co.*, 94 Ala. 557, 10 So. 607. The cited case held that if it should be shown, as alleged, that the United States held an undivided one-fourth interest in the entire tract, there could be no partition unless the United States became a party to the suit. However, more pertinent here is another part of the opinion holding that (1) where one of the tenants in common, in good faith, and without any intention of embarrassing or obstructing a partition or gaining an advantage therein, has occupied and improved a part of the common property, the portion of the property so improved by him should be allotted to him unless to do so would constitute a hindrance or obstacle in the way of the other cotenants getting their full shares on the division of the property; and (2) the grantee of a cotenant is clothed with the same right of allotment.[2] In a California case, cited in *Foster* v. *Waiahole Water Co.*, 25 Haw. 726, 736, the relationship between such a grantee and the cotenants of the whole tract was further clarified. It was brought out that a nonassenting cotenant has no interest in questions concerning the construction of conveyances of specific locations made by a cotenant, since the equity court will "set apart a specific tract to the share of a cotenant who has undertaken to convey the title in fee to such tract in severalty, so that the grantee may have that which is justly his, when such disposition of the land can be made without material injury to the rights and interests of the other cotenants," the share of the nonassenting cotenant "cannot be affected in any injurious manner by anything done under the decree with respect

[2] This is the general rule. Annot., 1 A.L.R. 1189, 1198, 122 A.L.R. 234, 239. *Scott* v. *Pilipo*, 24 Haw. 277, 283, is not to the contrary, holding merely that, as stated in *Ferris* v. *Montgomery Land & Improvement Co., supra*, 94 Ala. 557, 567, 10 So. 607, 610, a conveyance of a specific parcel made by only one cotenant does not, so far as the cotenants who did not join in it are concerned, sever the special parcel from the general tract so as to destroy the cotenancy in the special parcel.

to these specific parcels," and accordingly all questions of construction lie only between the cotenant who made the conveyance and his own grantee. *East Shore Co.* v. *Richmond Belt Ry.,* 172 Cal. 174, 155 Pac. 999.

Pursuing the question whether such grantee is a necessary or indispensable party to the partition suit, we note that, as above indicated, Hawaii is among the states holding that the grantee of a cotenant, receiving a conveyance of a specific part of the common property, holds a valid interest voidable only by the nonassenting cotenants to the extent that the conveyance may impair or vary their rights. *Foster* v. *Waiahole Water Co., supra,* 25 Haw. 726, 736. It is stated in Freeman, *Cotenancy and Partition,* § 465, that in states so treating a grantee holding a specific parcel under the deed of one cotenant, such grantee has a "right to be a party defendant [which] is as absolute as that of a cotenant of the whole tract." The rule so stated by Freeman is supported by two early California cases, *Gates* v. *Salmon,* 35 Cal. 576, 588 (see for later opinion, 46 Cal. 361), and *Sutter* v. *San Francisco,* 36 Cal. 112. However, even if such a grantee is a necessary party it may be found that he is not an indispensable party. Under the rules, there is a difference between necessary and indispensable parties. *Mossman* v. *Hawaiian Trust Co.,* 45 Haw. 1, 14, 361 P.2d 374. The applicable principles are set out in 3 Moore, *Federal Practice,* § 19.07 (2d ed.). The question is whether the interests of the grantee are separable from those of the parties before the court so that the court can proceed to a decree and do complete and final justice without affecting the grantee who is not before the court. If so, such grantee is not indispensable. This question is to be judged in the light of the issues as presented, and not by the outcome of the trial of those issues. *Mossman* v. *Hawaiian Trust Co., supra,* 45 Haw. 1, 14, 361 P.2d 374; *Calcote*

v. *Texas Pacific Coal & Oil Co.,* 157 F.2d 216 (5th Cir.).

If no issue of prejudice to a nonassenting cotenant appears and the cotenant who made the deed so requests, the court can allot the specific parcel to the grantee and charge it against the share of the cotenant who made the deed, without adjudicating any question of interest to the grantee. Hence, even if he is a necessary party under the rule stated by Freeman, the grantee of a specific parcel receiving an allotment of that parcel in the manner above stated, is not an indispensable party and the suit can proceed without such grantee.[3]

In the present case, plaintiffs, who are the successors of Mr. McCandless, the grantor of the highway parcels, concede that those parcels may and should be charged against their share as an allotment to the State. On the question of prejudice, if such allotment is made, on the part of the nonassenting cotenants assuming there are such, it is indeed difficult to conceive of any prejudice since the location of the highway did not and does not lie within the control of private parties, the Territory having had and the State now having the power of eminent domain. None of the parties, other than plaintiffs whose predecessor made the deed, has shown the slightest interest in the State's claim of sovereign immunity. No right against the State has been asserted by any of these other parties, so far as appears on this record. These other parties were brought before this court as appellees, but filed no briefs and made no appearance upon the argument of the case. We must and do assume that they make no contention requiring the presence of the State as an indispensable party, even if the State be only the holder of

---

[3] Another reason for joinder of the grantee might be to seek an accounting from the grantee. See *Scott* v. *Pilipo,* 22 Haw. 252, 23 Haw. 625, 24 Haw. 277, 25 Haw. 386; also 25 Haw. 621, 27 Haw. 277 (*sub nom., Scott* v. *Ai*). But that is not involved.

an undivided interest in the highway parcels. This is an additional reason why we deem the principles of *State* v. *Tate, supra,* inapplicable, since we view that case as based on the necessity of joinder of the State in order that the right of division of the common property, which is a right incident to ownership of an undivided interest, may be effectuated.

Reversed and remanded for the entry of an order dismissing the State as a party defendant.

*Andrew S. O. Lee,* Deputy Attorney General (*Bert T. Kobayashi,* Attorney General, with him on the briefs) for State of Hawaii, defendant-appellant.

*Alan C. Kay* (*Pratt, Moore, Bortz & Vitousek* of counsel) for plaintiffs-appellees.