McDowell *v.* Brown.

———•••———

McDowell, Plaintiff in Error, *vs.* Brown *et al.*, Defendants in Error.

1. A clause in restraint of alienation, in a deed containing apt words to pass an estate in fee, will be rejected, and the deed held to pass an absolute estate in fee to the grantee, and not merely a life estate, remainder to his heirs.

*Error to St. Louis Court of Common Pleas.*

This was an action for the possession of a lot of ground fronting thirty feet on Third street, in block 84 of the city of St. Louis. The titles of the respective parties are sufficiently stated in the opinion of the court.

McDowell *v.* Brown.

*W. L. Williams*, for plaintiff in error. The deed of Catharine Laviolette only conveyed a life estate. The construction ought to be made on the entire deed, and every part of a deed ought, if possible, to take effect, and every word operate, and the intention of the grantor should prevail, if possible. Subsequent words shall not defeat precedent ones, if by construction they may stand together. (4 Greenleaf's Cruise, ch. 20, § 6, and note *c.* at bottom, § 8, and notes 2 and 3 at bottom. 2 Smith's Lead. Cases, 42, top p. 318.)

*T. T. Gantt*, for defendant in error. 1. The deed from Catharine Laviolette to her daughter, passed an estate in fee. 2. The condition annexed to the deed, depriving the grantee of the power of alienation, was repugnant and void. (Coke on Littleton, (quarto,) § 360, p. 223. Shepherd's Touchstone, p. 112, 113. 2 Cruise, p. 5, tit. 13, ch. 1, § 22. 8 D. & E. p. 61.)

LEONARD, Judge, delivered the opinion of the court.

Both parties claimed the lot under the same original proprietor, Catharine Laviolette, who, on the 25th of May, 1816, conveyed it to her own daughter, Julia Tongas dit Laviolette, by a deed to this effect : "For and in consideration of the attachment, love and affection, and in proof thereof, for Julia Tongas dit Laviolette, my daughter, as well as for the good cares and attentions of my said daughter towards me, I have this day given, granted, released and conveyed, and by these presents, I do sell, grant, release and convey unto my said daughter, and her heirs, from henceforth and forever, and promise to guarantee against all debts or mortgages, on my part, a certain piece of ground or town lot, situate in the town of St. Louis, on Third street, bounded, &c. ; willing and desiring that my said daughter and her heirs may enjoy the same henceforth and forever, as a thing to them belonging, without, however, disposing of it under any pretext whatever, to the effect that, at the death of my said daughter, the said property revert to the children of my said daughter, as well living as to be born."

The parties to the deed, mother and daughter, are both dead—the daughter leaving children surviving. The defendants are in possession under a deed from the daughter, made in 1818, and the plaintiff claims under a deed from her children, and the question is, whether the daughter, the original grantee, took an estate in fee under the deed. The grant being in express terms to the daughter and her heirs, undoubtedly vests the fee in her, unless it is deprived of that effect by the words, "willing and desiring," &c. Of course, it is our duty to look at the whole deed, in order to get at the intention of the parties; and that intention being once ascertained, we are bound to carry it into effect, if it can be done consistently with the rules of law. upon the subject. The intention of this grantor may have been and probably was, to vest the whole property, the absolute dominion over the lot, in her daughter, with all the rights and incidents of an ownership in fee simple, stripped only of such power of alienation, on the part of the daughter, as would prevent its descent, at her own death, upon her own children—the grantor's grand children. Such an intention, however, is inconsistent with the rules of law, and for that reason cannot prevail, no matter how obvious it may be. The law has prescribed what estates can exist in land, and annexed certain incidents to them, and directed their course of devolution upon the death of the owner, and does not leave it to the caprice of individuals to change these essential incidents, or to create other estates with a different course of descent, and the power of alienation is one of the incidents of a tenancy in fee simple, which cannot be controlled by the provision of parties.

A little reflection, too, will satisfy us that the construction of the deed which vests the fee in the daughter, executes the intention of the grantor, nearer than any other interpretation we could give to it. If we were to hold that the estate given to the daughter was for her life only, the remainder to her children could not be for any estate of inheritance for want of words of perpetuity, and so the effect of this construction would be to make the deed operate as a conveyance to the daughter for life only,

with a remainder for life to her children, and with the reversion in fee to herself, which would be manifestly further from her intention than the other construction.

In this case, and, indeed, in all cases where the party creates a legal estate in land by apt words, and then puts into the deed a provision, the effect of which is to deprive the grantee of any of the essential incidents that the law annexes to the estate granted, either the whole deed must fail of effect as a conveyance, or the limitation attempted to be put upon the estate granted, must be rejected as repugnant to it. The latter course is pursued by our law, and a nearer approximation to the intention of parties is thereby reached than would be obtained by rejecting the whole instrument. The clauses imposing the restraint are rejected as repugnant, and the deed takes effect accordingly.

This has been so long settled that we dare not now disturb it, and we must accordingly hold that the restraint upon the power of alienation here attempted, is repugnant, and must be rejected. (Coke on Littleton, (quarto,) sec. 360, p. 223. Shepherd's Touchstone, p. 112, 113. 2 Cruise, p. 5, tit. 13, chap. 1, sec. 22. *Doe* v. *Carter*, 8 Durn. & East, 61.) The judgment, with the concurrence of the other judges, is affirmed.