FINIS McCLANAHAN, Defendant in Error, *v.* LEONARD SCHRICKER *et al.*, Plaintiffs in Error.

1. *Damages — Sale of land — Easement — Right of way — Clause of deed in restraint of alienation, etc.—* A. sold B. a certain tract of land lying within his own, but communicating with a public highway through a gate in the fence inclosing the land of A. The deed of purchase declared that the fence was "not to be disturbed without the permission" of A. A mere verbal statement by A. to B. of an intention to open a street from the land sold to the highway, without proof of any inducement to such statement, would not render A. liable to B. in damages, for failure to open the street. The clause in the deed was in no way a restraint of alienation, and was a valid provision

*Error to First District Court.*

*King Brothers,* for plaintiffs in error.

*Gordon,* and *Draffin,* for defendant in error.

CURRIER, Judge, delivered the opinion of the court

The plaintiff's counsel have stated and argued this case as though it were an action of tort for obstructing the plaintiff's right of way over the defendants' lands. That view of the case presents a misconception of the true character of the suit. The petition counts upon a cause of action sounding in contract, and not in tort. It recites, in the way of inducement, various matters, and then proceeds to allege " that at the time the plaintiff purchased the lot (mentioned in the recital), the defendants then and there agreed with the plaintiff, in consideration of his purchase of said lot, and paying for the same the sum of $100, that they would open the said Anglaize avenue (mentioned in the recital) from said lot out to Cooper street, in the town of Tipton, in the fall of the year 1867, thereby giving the plaintiff a right of way, and an easement forever, from said lot to Tipton and the public streets therein." It is then alleged that the plaintiff has performed all the stipulations of the agreement obligatory upon him, but that the " defendants wholly failed and refused, and still fail and refuse to open said street, or to give to the plaintiff the easement or right of way which they had agreed to do," whereby it is further averred, the plaintiff has been much inconvenienced

and subjected to expense, for which he prays judgment in the way of damages.

It is thus seen that the plaintiff claims damages for the breach of an alleged agreement to open a street, and not for a wrongful obstruction of his right of way. The petition is framed upon the theory that no right of way existed at the time the suit was brought. The allegation is that the defendants agreed to open the street and " thereby give the plaintiff a right of way " to the boundary of defendant's lands, adjoining the town of Tipton. It is for a breach of this alleged agreement that the plaintiff sues.

At the trial, on the conclusion of the testimony, the defendants asked an instruction to the effect that, upon the whole case, the plaintiff was not entitled to recover. This instruction ought to have been given, but the court refused it.

The plaintiff testified that, " at the time of the purchase, the defendant Schricker told him that the streets would be opened up in the fall, and the fence removed ;" and also that Schricker, subsequently to the execution and delivery of the deed, again told him that when the plaintiff got ready to move, he (Schricker) would " remove the fence and open the street." The plaintiff was corroborated on these points, but there was no other testimony having any tendency to prove the making of the alleged agreement ; nor was there any testimony to show on what inducement Schricker made to the plaintiff these statements, or that the statements were anything more than Schricker's voluntary declartions of what it was his intention to do ; nor was there any evidence that Habicht, the other defendant, was in any way a party to these declarations.

The defendants' deed, conveying the lot to the plaintiff, was read in evidence. The suit, however, is not based on that deed, but upon an alleged agreement *de hors* the deed. The deed has no direct bearing upon the present litigation, except in the way of inducement to the supposed verbal contract.

That the plaintiff has a right of way over the contemplated avenue (Anglaize) does not seem to be controverted by the defendants. The plaintiff testifies that he has, in fact, enjoyed and used such way from the beginning—going out and in at

pleasure, meeting no other obstruction than a gate, which the defendants placed in the fence to facilitate that use without removing their fence and exposing their field. The plaintiff's land is described in the deed as bounded on one of its sides by "Anglaize avenue," which existed alone on paper; that is, on an unrecorded plat of defendants' ground. But, assuming that the deed, in virtue of such description, and other facts occurring at the purchase, secured to the plaintiff the supposed right of way, which does not seem to be disputed, it does not thence follow that the defendants might not do just what they have done, namely: protect their field by a gate placed in the fence, which would at the same time, as compared with an unbroken fence, facilitate the plaintiff's means of ingress and egress from his own grounds ; for the deed expressly declares that "the fence is not to be disturbed without the permission" of the defendants. If this provision refers to the fence crossing what is called "Anglaize avenue," we see no sufficient reason why it should not have effect and determine the rights of the parties to the extent of permitting a continuance of the gate. The clause is in no way a restraint of alienation, as was the provision of the deed considered in McDowell v. Brown, 21 Mo. 57. It simply defines the rights of the parties as respects the use and continuance of a boundary fence, in connection with the grant of a private right of way and the mode of its enjoyment. There can be no doubt of the validity of such a provision. If the defendants deceived the plaintiff in the sale of the land, and perpetrated a fraud upon him, that is quite another matter. But that question does not arise under the pleadings in this suit; nor do we wish to be understood as suggesting a suspicion of any unfairness in the transaction.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.