EMMA B. KANE et al. v. LUCILE ROATH et al., Appellants.

Division One, October 9, 1925.

1. **CONVEYANCE: To Married Woman and Lawful Heirs by Named Husband: Estate Tail Special.** A deed conveying land to "Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband" created an estate tail special, at common law, which the statute converted into a life estate in Atilla, with remainder in fee simple in her lawful heirs by Robert, living at the time of her death.

2. ——: ——: **Lawful Heirs: Meaning Restricted by Subsequent Words.** The deed named "Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband" as "the party of the second part," and conveyed certain lands "to said party of the second part, and her heirs and assigns." The *habendum* was "to have and to hold unto the only proper use, benefit and behoof of Atilla Gudgell and her lawful heirs by said Robert E. Gudgell, her husband, to the said party of the second part, to her heirs and assigns forever," and the title was warranted "unto the said party of the second part,

Kane v. Roath.

her heirs and assigns forever." *Held*, that the words "lawful heirs" used in the granting clause and in the *habendum* were not restricted to heirs general by the words "to said party of the second part, her heirs and assigns" used in the other clauses. Those general words are limited in their meaning by the clear and unequivocal special and qualifying words "lawful heirs by Robert E. Gudgell" used in the granting and *habendum* clauses, and if so limited the various clauses are brought into harmony and can be given effect, and it is the duty of courts to reconcile repugnant or conflicting clauses of a deed when that can be reasonably done.

3. ———: ———: **Fee to Married Woman and Lawful Heirs: Tenants in Common.** A deed to "Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband" did not convey the title in fee simple to Atilla and her two children by Robert then living, as tenants in common. The word "heirs" or "children" cannot be substituted for "lawful heirs by Robert E. Gudgell." The words "her lawful heirs by Robert E. Gudgell" mean heirs of her body, but only such bodily heirs as were heirs of her body by the said husband. And though, at the time the deed was made there were two such bodily heirs, one of whom predeceased her, and two such bodily heirs were born after the deed was executed, one of whom died before her death, the deed created an estate tail special, which by the statute was converted into a life estate in her, and the remainder in fee in her bodily heirs by her said husband living at the time of her death.

4. ———: ———: **Presumption That Fee Was Intended.** It cannot be presumed that because the deed in the granting clause named "Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband" as the party of the second part, and recited a valuable consideration "paid by said party of the second part," that the intention was to convey the fee simple title to Atilla, in view of the positive words to the contrary.

---

Corpus Juris-Cyc. References: **Deeds**, 18 C. J., Section 203, p. 256, n. 73; Section 205, p. 257, n. 79, p. 258, n. 81; Section 217, p. 261, n. 43; Section 225, p. 267, n. 27; Section 329, p. 332, n. 23, p. 333, n. 27; Section 333, p. 335, n. 41. **Estates**, 21 C. J., Section 58, p. 937, n. 97.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis*, Judge.

AFFIRMED.

*Davis & Ashby* for appellants.

(1)   The deed made from Spencer H. Gregory and wife to Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband, did not create an estate in fee tail, but conveyed a fee simple title to Atilla Gudgell.   Adams v. Cary, 226 S. W. 833; McDowell v. Brown, 21 Mo. 57.; Rines v. Mansfield, 96 Mo. 394; Tennison v. Walker, 190 S. W. 9.   (2)   If the said deed did not convey a fee simple title to the said Atilla Gudgell then it conveyed to her and her children then living by Robert E. Gudgell, a fee simple estate as tenants in common.   Hamilton v. Pitcher, 53 Mo. 334; Franklin v. Cunningham, 187 Mo. 184; Fanning v. Doan, 128 Mo. 323; Johnson v. Calvert, 260 Mo. 442; Tinder v. Tinder, 131 Ind. 381, 22 A. L. R. 715; Thorp v. Yarbrough, 79 Ga. 382; Tucker v. Tucker, 78 Ky. 503; Brann v. Elzey, 83 Ky. 440.   (3)   Atilla Gudgell, Emma B. Gudgell (Kane) and Mason Gudgell being tenants in common, the Statute of Limitation began to run on the 6th day of January, 1869, when the deed by Atilla Gudgell and Robert E. Gudgell was made to Preston Anderson, and this action, when filed, was barred.   Franklin v. Cunningham, 187 Mo. 184; Johnson v. Calvert, 260 Mo. 442; Real Estate Co. v. Megaree, 280 Mo. 56; Saucier v. Kremer, 249 S. W. 643, 27 A. L. R. 8. (4)   Lizzie M. Gudgell (Wright) and Jessie Gudgell were not born until after the deed was made, and therefore, no interest was vested in them by said deed.   Johnson v. Calvert, 260 Mo. 456.

*Scott J. Miller, Royer Stone Miller* and *Thos. H. Hicklin* for respondents.

· (1)   The deed from Gregory and wife to Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband, created an estate tail special under the common law, which was by our statute converted into a life estate in Atilla Gudgell, with remainder in fee simple in her lawful heirs by Robert E. Gudgell, living at the time of her death.   Reed v. Lane, 122 Mo. 311; Utter v. Sidman, 170 Mo. 284; Lehndorf v. Cope, 122 Ill. 329; 24 Laws of England, by Earl of Halsbury, pp. 245, 246,

secs. 449, 450. (2) ' The use of the words parties or part make little difference in a deed, such as this, which plainly shows that it was drawn by a conveyancer without great experience. Ray v. Cranch, 10 Mo. App. 321; Garrett v. Wiltse, 161 S. W. 697; Frame v. Humphries, 164 Mo. 336. (3) The use of the words "assigns" or "heirs and assigns" does not have the effect of enlarging what would otherwise be a life estate into an estate in fee simple. Chew v. Keller, 171 Mo. 215; Davidson v. Manson, 146 Mo. 608; Bean v. Kenmuir, 86 Mo. 671. (4) The *habendum* clause in a deed may be resorted to for the purpose of ascertaining the disposition of the remainder, even where all other clauses appear to vest a fee simple estate in the first taker, this even under the strictest common-law rules of conveyancing. McCullock v. Holmes, 111 Mo. 448; Tennison v. Walker, 190 S. W. 13. (5) Had the intention been to make Atilla Gudgell and her two children living at the time of the execution of the deed in question, tenants in common, their names could have and certainly would have been inserted in the deed. Rines v. Mansfield, 96 Mo. 399; Tygard v. Hartwell, 102 S. W. 990.

LINDSAY, C.—The plaintiffs, Emma · B. Kane and Lizzie M. Wright, sued to establish their title and right of possession to undivided interests in forty acres of land in Livingston County. The plaintiffs are the sole heirs of Atilla Gudgell, deceased, by her husband, Robert E. Gudgell, and the case turns upon the construction given to a deed, made on December 27, 1867, by Spencer H. Gregory and Elizabeth, his wife, conveying this and other land to said "Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband."

The cause was submitted upon an agreed statement of facts.

It is conceded that the common source of title was Spencer H. Gregory. Atilla Gudgell had four children by her husband, Robert E. Gudgell. Two of them, the plaintiff Emma B. Kane, and Mason Gudgell, were in be-

ing at the time of the making of the deed from Spencer H. Gregory and wife to Atilla Gudgell. The two other children were born after the making of that deed. The two, subsequently born, were plaintiff Lizzie M. Wright, and Jessie Gudgell. Mason Gudgell and Jessie Gudgell both died without issue and unmarried, and before the death of either Atilla Gudgell or Robert E. Gudgell.

On January 20, 1869, Atilla Gudgell and her husband executed to Preston Anderson a general warranty deed to the land in controversy. On July 31, 1886, the plaintiff Emma B. Kane, then a single woman, executed a quit-claim deed to the land in controversy to one Jacob A. Roath. At that time, all four of the children of Atilla Gudgell, by her husband, Robert E. Gudgell, were living. It is conceded that the defendants, Lucile Roath and Ruth Roath, have succeeded to all the interests conveyed to Preston Anderson, and conveyed to Jacob Roath, by the deeds that have been mentioned, and that said defendants and their grantors have been in the continuous, open and notorious possession of the land since the time of the execution of the deed to Preston Anderson.

Robert E. Gudgell died January 12, 1905, and Atilla Gudgell died April 25, 1914. This suit was instituted on January 23, 1922. The plaintiff Emma B. Kane claimed an undivided one-fourth interest and plaintiff Lizzie M. Wright claimed an undivided one-half interest therein. They alleged that defendants, Lucile Roath and Ruth Roath, who are minors, each own an undivided one-eighth interest; and the plaintiffs, by their petition, in three counts, asked respectively for determination of title, for possession, and for partition of the land in accordance with the interests set up in the petition. The defendants, by answer to each of the several counts set up adverse possession, and the Statute of Limitations, and, in their answer to the third count, for partition, defendants also asked for partition, as between themselves.

The trial court adjudged that plaintiff Emma B. Kane was the owner of an undivided one-fourth interest;

that Lizzie M. Wright was owner of an undivided one-half interest, and that defendants Lucile Roath and Ruth Roath each owned an undivided one-eighth interest, and upon that basis the court entered a decree for a sale in partition.

The deed in question, omitting its description of the land, is as follows:

"This indenture made on the 27th day of December, A. D. one thousand eight hundred sixty-seven, by and between Spencer H. Gregory and Elizabeth B., his wife, of the County of Livingston, State of Missouri, as parties of the first part and Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband of the County of Livingston and State of Missouri, as party of the second part.

"Witnesseth: That the parties of the first part, for and in consideration of the sum of five hundred dollars to them paid by said party of the second part, the receipt whereof is hereby acknowledged have granted, bargained and sold, confirmed and conveyed by these presents, do grant, bargain and sell, confirm and convey unto the said party of the second part, and her heirs and assigns, the following described real estate, situated in the County of Livingston, State of Missouri, to-wit:   . . .

"To have and to hold the same with all the rights and privileges and appurtenances thereto belonging or in any wise appertaining to the only proper use, benefit and behoof of Atilla Gudgell and her lawful heirs by said Robert Gudgell, her husband, to said party of the second part, to her heirs and assigns forever. The said parties of the first part hereby covenanting that they and their heirs, executors and administrators shall and will

"Warrant and defend the title to the said premises and every part thereof, unto the said party of the second part, her heirs and assigns forever, against the lawful claims and demands of all persons whomsoever."

The contention of counsel for defendant is that the deed did not create an estate tail, but that it conveyed the fee simple to Atilla Gudgell, or, that if the deed did not convey title in fee simple to Atilla Gudgell alone, it did convey an estate in fee simple to her and her two children then in being, as tenants in common. Counsel for plaintiffs rest their case upon the contention that the deed created an estate tail special under the common law, which the statute converted into a life estate in Atilla Gudgell, with remainder in fee simple in her lawful heirs by Robert E. Gudgell, living at the time of her death. If the foregoing claim of plaintiffs be correct it disposes of the case, and results in an affirmance of the judgment.

If the language of the deed created in the grantor what would, at common law, have been an estate tail special, then it is conceded that the statute converted it into an estate for life only, of Atilla Gudgell, with remainder in fee to her heirs begotten by her husband, Robert E. Gudgell.

There are, in this deed, words of inheritance and words which, by necessary implication, denote procreation. [Reed v. Lane, 122 Mo. 311.] The words used denote heirs of the body of Atilla Gudgell, and only those heirs of her body who were such by her husband Robert E. Gudgell. The intent of the deed is to be gathered from the entire instrument, and effect must be given to all its words and clauses if that be possible in reason, so that each is made operative and effective for some purpose. [Eckle v. Ryland, 256 Mo. 424.] In this deed the party of the second part is described as being "Atilla Gudgell and her lawful heirs by Robert E. Gudgell, her husband." The grant is expressed as being to "the said party of the second part and her heirs and assigns," and the *habendum* runs "to the only proper use, benefit and behoof of Atilla Gudgell and her lawful heirs by said Robert E. Gudgell, her husband, to said party of the second part, to her heirs and assigns forever." The warranty runs "unto the said party of the

second part, her heirs and assigns forever." The grant-
ing clause and the covenant of warranty follow the ordi-
nary forms used in warranty deeds. These clauses,
standing alone, or unaffected by the other parts of the
deed, express the conveyance of the fee to the grantee,
the party of the second part. But the word "heirs" used
in these clauses, must be held to be qualified by the em-
phatic expressions used in the premises, and in the *ha-
bendum* clause. The word "heirs," used in the grant-
ing clause, and in the covenant of warranty, in their ref-
erence to the grantee, must be held to mean the "lawful
heirs of said Atilla Gudgell, by her husband, Robert E.
Gudgell." Otherwise, the clauses mentioned are repug-
nant, but if the general word be limited in its meaning by
the special and qualifying words used, the various
clauses are brought into harmony and all can be given
effect. It was said in Eckle v. Ryland, l. c. 441: "The
best mode of interpretation is to reconcile one clause
with another where that can be done without straining
the words by hairspun theories or over nice refinement."
We hold that the specific words employed in this deed in
the premises, and in the *habendum* clause must be held to
explain, qualify and limit the general words used in the
other clauses, and thereby to designate the character
of the estate granted. [Utter v. Sidman, 170 Mo. 284;
Owen v. Trail, 302 Mo. 292.] This is not a case wherein,
as in Owen v. Trail, the scrivener used the words "heirs
of her body," and whereby it could be argued that he
was "attempting to air his knowledge of the law by us-
ing the words 'bodily heirs' when he meant 'heirs' " but,
in this case he used other words equally clear, and cre-
ating a special class of bodily heirs.

We have carefully examined the cases cited by coun-
sel for defendants under their contention that this deed
did not create an estate in fee tail, but conveyed a fee
simple title to Atilla Gudgell. In Adams v. Cary, 226
S. W. 833, the party of the second part was described
as "Molly B. Adams and her bodily heirs." The words

"bodily heirs" were not again used in that deed. In that case, also, the deed was made in effecting the voluntary partition of land owned by the parties. The decision in that case in reality was founded upon the rule stated at page 834: "Deeds made by tenants in common to divide or partition their lands are not recognized as transferring title at all, but simply as separating the possession, and the title of each stands as it did before in the original title or rights of the party."

The facts existent in McDowell v. Brown, 21 Mo. 57, another case cited, are so different from those in this case that we can see no direct bearing or persuasive force therein, applicable to this case.

In Tennison v. Walker, 190 S. W. 9, the words "bodily heirs and assigns" appeared in the granting clause and not elsewhere. The *habendum* and the covenanting clause were unrestricted in their terms. In that case the original deed was before the court for inspection. The decision appears to have turned in no small part upon what was shown by the inspection of the deed, and particularly what had been first written into the *habendum* and warranty clauses and then changed. It was said at page 12: "These written changes, when read in connection with the various other clauses of the deed, and harmonizing with them all, save the granting clause, leave but little, if any, doubt as to the intention of the grantor to convey the fee to his daughter." The decision there was expressly put upon the peculiar facts of that case, and the opinion, after viewing many authorities, lays great stress upon the effect which may be given to the *habendum* clause in the deed.

We see nothing in Rines v. Mansfield, 96 Mo. 394, which supports the contention of counsel, regard being had to the difference between facts in that case and the facts in this case. In that case the granting clause of the deed was to " 'M' her children and assigns," while the *habendum* and warranty clauses are to " 'M,' her heirs and assigns." It was said at page 399: "Con-

sidering these inconsistent clauses in the deed, in the light of the fact disclosed by the evidence that said Elizabeth had eight children when it was executed, all of whose names could have been inserted in the deed if it was intended that they should take as tenants in common with the mother, and in the light of the fact that she was, in the *habendum* clause, to have and to hold the premises conveyed to her and to her heirs, we are justified in concluding that the word 'children' in the granting clause was used in the sense of the heirs.''

The deed in the instant case nowhere used the word ''children'' and what we have just quoted is not consistent with the alternative claim made for defendants that if the deed here did not convey the title in fee simple to Atilla Gudgell alone, it did not convey an estate in fee simple to her and her two children, then living as tenants in common. Certain cases are cited in support of the contention that Atilla Gudgell and her two children, who were in being at the time the deed was made, became tenants in common. Hamilton v. Pitcher, 53 Mo. 334, is relied upon. In that case the grant was to Margaret Pitcher ''and her children.'' The *habendum* was to them, the said party of the second part, ''and to their heirs and assigns forever.'' It was held that the deed was not void as to her or her children *in esse,* and that her children then living took as tenants in common. This was held on the theory that her children were made grantees, and there was no uncertainty, since they were then in being, and were the persons answering to that description. Franklin v. Cunningham, 187 Mo. 184, is cited. That case involved construction of a title bond for the purpose of reforming a deed made by an administrator. It was shown that the maker of the title bond had agreed to convey all of his title in the land to ''Missouri E. Franklin and the legal heirs of Robert G. Franklin.'' Under that, it was held that the administrator's deed, made, after the death of Robert G. Franklin, to Missouri E. Franklin alone, should be reformed, so as to convey

the estate to Missouri E. Franklin and the heirs of Robert G. Franklin, deceased, as tenants in common, and the effect of the deed, when so reformed, was to vest title in such tenants in common, as of the date of the deed. The decision so reached establishes no rule for the construction of the deed in the instant case.

The case of Fanning v. Doan is cited. In that case a quit-claim deed was made by Benajah Doan to "Sarah A. Doan and her heirs by John Doan, their heirs and assigns forever." The maker of the deed, it was said, had taken title from the said John Doan, to be held "by him in trust for the use and benefit of the said John Doan, his wife and children and heirs by her." The deed was made after the death of John Doan, who is spoken of as "John, Sr." It was held that the words "her heirs by John Doan" should be treated as words of description instead of words of limitation, the word "heirs" being used in the sense of children. The situation of the parties was considered. It was held that the intent of the grantor in the quit-claim deed was not to create an estate tail, but to give to the grantees therein the whole estate to be held in the same manner as they would have held the lands, had the deed from John to Benajah never been made. There is here no such reason for holding that the word "heirs" means children.

Johnson v. Calvert, 260 Mo. 442, is relied upon by counsel for defendants. In that case the party of the second part in the deed was described as "Mary E. Johnson, wife of Thomas Johnson," and the grant was "unto said party of the second part and the heirs of the said Thomas Johnson and assigns forever." Mary E. Johnson and Thomas Johnson were both living and had children living at the time the deed was made. In the opinion written by Brown, J., it was said that the word "heirs" should be construed to mean children, and Lamm, J., concurred in that view. Graves, Walker and Faris concurred in the result only. Bond and Woodson, JJ., dissented. In the opinion by Walker, concurred in by

GRAVES and FARIS, it was said that the language of the deed was not such that the word "heirs" could properly be construed as meaning children, so as to authorize such a construction of the deed as would follow the use of the word "children." There is a vital distinction between the words used in that deed and the deed in the case at bar. There, it is true, Thomas and Mary Johnson were husband and wife and had children living, as it is true that Robert E. Gudgell and Atilla Gudgell were husband and wife, and had two children living at the time the deed was made; but, in that case the conveyance was to Mary E. Johnson and to the heirs of Thomas Johnson, while here, the conveyance is to Atilla Gudgell and "her lawful heirs by said Robert E. Gudgell, her husband." This expression, twice used in this deed, cannot be held to mean anything else than heirs of the body of Atilla Gudgell, and not all the heirs of her body, but only such heirs of her body as were heirs by her said husband.

Counsel for defendants urge that the deed is not one of gift, but that the consideration for the deed was paid by Atilla Gudgell, and was probably all the land was worth at that time. They argue that it should be presumed the intent of the grantor was to convey to her the fee without limitation. There is no evidence in the record as to the value of the land at that time, and no evidence as to the relation existing between the grantors and Atilla Gudgell and her husband. The only evidence as to the consideration is the recital in the deed. If Atilla Gudgell was a purchaser paying a full consideration for the land, it might be presumed that the grantor would and did make the deed to such grantee or grantees, and on such conditions, as between the grantees, as were desired by the purchaser. If Atilla Gudgell was the purchaser, for value, and desired to take the sole and absolute title, we can see no reason why the particular words of limitation here found should have been used, and reiterated; and if she desired her children then living should take with her as co-tenants in common, no rea-

son is seen for the use of those words in the deed. They are words of a particular import, written, and injected into the body of ordinary or general words used, and cannot be rejected.

The language used limited the inheritance to a class of heirs of the body of Atilla Gudgell, the first taker.

The judgment of the trial court is affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. *Ragland, P. J., Graves* and *Atwood, JJ.,* concur; *Woodson, J.,* absent.