Mary JULIUS, a/k/a Mary Julias, Plaintiff-Appellant,

v.

Helen BUCKNER, a/k/a Hellen Buckner, Defendant-Respondent.

No. 54393.

Supreme Court of Missouri, Division No. 1.

March 9, 1970.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for appellant.

Francis P. Dorsey, St. Louis, for respondent.

WELBORN, Commissioner.

Action for partition. Trial court sustained defendant's motion to dismiss at close of all evidence. After her post-judgment motions had been overruled, plaintiff appealed.

The petition alleged that plaintiff Mary Julius and defendant Helen Buckner, on November 10, 1961, each became the owner of an undivided one-half interest in remainder, subject to a life estate in Clarence E. Ellett, in a tract of residential property in the City of St. Louis. The petition alleged that Ellett died on July 6, 1963, and that the land could not be partitioned in kind.

Defendant's answer denied that she and plaintiff were the owners of the property. The answer alleged that the instrument by which Ellett attempted to transfer an interest in the property to plaintiff and defendant was testamentary in character and void for failure to conform with the formal requirements of a will.

The case was presented to the court on a sparse record, showing ownership by Ellett and his wife as tenants by the entirety of the property, the death of the wife in October, 1961, the instrument, dated November 10, 1961, by which Ellett purported to make a conveyance to plaintiff and defendant, the recorder's certificate on the instrument showing that it was filed for record on November 10, 1961, the stipulation that Ellett died on or about July 6, 1963, and the further stipulation that the property was not susceptible to division in kind. Neither party offered oral testimony.

Upon the submission the trial court sustained defendant's motion for a directed verdict. The precise basis of the trial court's action is not shown. On the appeal, respondent would support the judgment on the pleaded theory and also on the further grounds that there was no evidence of delivery and acceptance of the purported deed.

The basic problem presented is the effect of the instrument of November 10, 1961. No effort was made to elucidate by extrinsic evidence the intention of the maker of the instrument and we are called upon to determine the question solely from the instrument itself. The instrument was on a printed form for a general warranty deed. Its pertinent provisions follow:

"This Deed, Made and entered into this 10th day of November, 1961, by and between CLARENCE E. ELLETT, a single person of the City of St. Louis State of Missouri party or parties of the first part, and CLARENCE E. ELLETT for life with remainder as to any part undisposed of by him under the powers hereinafter conferred to Mary Julias and Hellen Buckner of the City of St. Louis State of Missouri party or parties of the second part.

"WITNESSETH, that the said party or parties of the first part, for and in consideration of the sum of One Dollar and other valuable considerations paid by the said party or parties of the second part, the receipt of which is hereby acknowledged, does or do by these presents GRANT, BARGAIN AND SELL, CONVEY AND CONFIRM unto the said party

or parties of the second part, the following described Real Estate, situated in the City of St. Louis and State of Missouri, to-wit:

"Lot 14 of RESIDENCE SUBDIVISION NO. 2 and in Block 3620 of the City of St. Louis, fronting 25 feet on the South line of Ashland Avenue by a depth Southwardly of 125 feet to an alley.

"TO HAVE AND TO HOLD, the same, together with all rights and appurtenances to the same belonging unto the said CLARENCE E. ELLETT, for and during his natural life, with power in him to use, occupy and enjoy the same and to collect the rents and income thereof for his sole and exclusive use and to mortgage, sell, convey or in any manner dispose of the same and to rent or lease same or any part thereof for any period, with remainder at his death as to any part undisposed of by him to MARY JULIAS and HELLEN BUCKNER.

" * * * and to the heirs and assigns of such party or parties forever."

In contending that the instrument is not testamentary in nature and that it was effective as a deed, appellant relies primarily upon the en banc decision in St. Louis County National Bank v. Fielder, 364 Mo. 207, 260 S.W.2d 483. In that case, the instrument involved was a deed in regular form which contained the following reservation (260 S.W.2d 484): "The said party of the first part hereby reserves a Life Estate in and to said property with power to sell, rent, lease, mortgage or otherwise dispose of said property during his natural lifetime."

The court en banc held that the reservation of a life estate and a power to revoke, standing alone, did not make the instrument testamentary. The court stated that, insofar as Goins v. Melton, 343 Mo. 413, 121 S.W.2d 821, indicated that such a reservation alone should be a reason for declaring a deed testamentary, that case should no longer be followed.

Respondent here relies on Goins v. Melton insofar as the holding in that case might have been based upon the suggestion in Fielder that the result in Goins might have been predicated upon not only the power to revoke reserved in the grantor, but upon the further manifestation that no present interest was intended to be created in the grantee in view of the language: " * * * at his death the title to all, or whatever part thereof remains unsold, to pass to and vest in the grantee together with all his personal property and belongings." 121 S.W.2d 823.

The court in Fielder pointed to the absence of any such language in the Fielder deed and noted that the inclusion of disposition of personal property in Goins "was an added indication of the grantor's intention to make a testamentary disposition * * *." 260 S.W.2d 485.

Here, respondent points to the language "with remainder *at his* death as to any part undisposed of by him to Mary Julias and Hellen Buckner," as indicative of an intention to postpone vesting of any interest in the grantees until the death of the grantor.

The essential question, then, is whether or not the language relied upon, considered with the right to revoke reserved in the grantor, evidenced an intention on the part of the grantor that no interest in the grantees in the property should arise until the death of the grantor. " * * * [T]he intention of the grantor is to be ascertained and * * * effect be given thereto if practicable and if such intention is not contrary to some positive rule of law; and in ascertaining such intention all the provisions of the deed are to be considered. Keller v. Keller, 343 Mo. 815, 123 S.W.2d 113, 115 [1–4]; Leeper v. Leeper, 347 Mo. 442, 147 S.W.2d 660, 662, 133 A.L.R. 586. A construction which will give validity to the deed is favored over one which will invalidate it.

Hobbs v. Yeager, Mo., 263 S.W. 225; Mizell v. Osmon, 354 Mo. 321, 189 S.W.2d 306, 311 [7–11]." Beauchamp v. Beauchamp, Mo.Sup., 381 S.W.2d 804, 805 [2–4]. See 23 Am.Jur.2d, Deeds, § 179, pp. 224–225.

There can be little doubt that, under Fielder, the instrument here in question would have been effective to transfer a present interest, absent the language relied upon by respondent. If such language is to defeat the effectiveness of the instrument, we must ignore the contrary evidence of intention to create a present interest to be found in the form of the instrument and its having been recorded. Mizell v. Osmon, supra, 189 S.W.2d 312 [12–15]. In our opinion, the words relied upon do not destroy the effectiveness of the instrument as conveying a present interest in plaintiff and defendant. The words amount to no more than an elucidation or explanation of the effect of the powers reserved in the grantor-life tenant. Having, under Fielder, the right to make an effective conveyance reserving the rights here reserved, the grantor should not be charged with having nullified the instrument by the use of unnecessary, legally superfluous language. Mizell v. Osmon, supra, 189 S.W.2d 312 [12–15].

We find the Goins case, relied upon by respondent, inapplicable. Even if Goins is to be sustained on the basis of language manifesting an intention that no present interest was created, the language here relied upon differs widely from that found in the Goins deed.

Murphy v. Gabbert, 166 Mo. 596, 66 S.W. 536, and Thorp v. Daniel, et al., 339 Mo. 763, 99 S.W.2d 42, relied upon by respondent, are not here controlling. In both of those cases, the instrument showed clearly that it was to be effective only on the death of the grantor.

Under Fielder, the deed here was effective to create a present interest and was not testamentary in character.

Assuming that defendant's answer in this case was sufficient to raise the issue of nondelivery and nonacceptance of the instrument, the burden of such defense was upon defendant. Zumwalt v. Forbis, 349 Mo. 752, 163 S.W.2d 574, 575 [1–3]; Klatt v. Wolff, Mo.Sup., 173 S.W.2d 933, 937 [10]. Defendant tendered no evidence on these issues and there is no support for a finding in her favor on the basis of such issues.

Plaintiff was shown by the evidence in this case to have an interest in the property as a tenant in common with defendant. Plaintiff was, therefore, entitled to an interlocutory judgment in partition. § 528.-030, RSMo 1959, V.A.M.S.; Civil Rule 96.01, V.A.M.R.; State ex rel. State Park Board v. Tate, 365 Mo. 1213, 295 S.W.2d 167, 168,·59 A.L.R.2d 933 [2–4].

Reversed and remanded with directions to enter interlocutory judgment in partition and for further proceedings under Chapter 528, RSMo 1959, V.A.M.S., Civil Rule 96, V.A.M.R.

HOUSER, and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J., and RICKHOFF, Special Judge, concur.

STORCKMAN, J., not sitting.