Virginia ZWEIFEL, et al., Appellants,

v.

Thomas P. DOUGHERTY, et al., Respondents.

No. 54155.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 1, 1988.

Rehearing Denied Nov. 29, 1988.

Philip Heagney, St. Louis, for appellants.

Michael T. Cady, St. Louis, for respondents.

KAROHL, Judge.

Trial court dismissed plaintiffs' petition to quiet title to an interest in residential real estate. The motion to dismiss alleged two substantive grounds for dismissal. The motion does not question the sufficiency of the petition to state a cause of action. Further, the motion to dismiss was sustained with prejudice. This suggests that the court ruled on the merits and found, as a matter of law, plaintiffs had no interest in the real estate to support a judgment to quiet title in an undivided one-half interest in the real estate. We therefore review claims that the trial court erred, as a matter of law, in dismissing the petition and thereby erroneously declared or erroneously applied the law. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that standard we find plaintiffs' claims are well taken. We reverse and remand.

For purposes of this appeal the basic background facts are not in dispute. Both plaintiffs and defendants claim an interest in residential real estate by reference to a general warranty deed executed by Margaret Varley on May 11, 1972. In that deed Margaret Varley, a single person, conveyed her fee simple interest to:

> MARGARET VARLEY, a single person, for and during the term of her natural life, with remainder undisposed of to; KATHLEEN D. McMAHAN, a single person, (a niece),—and THOMAS P. DOUGHERTY, (a nephew), and JOSEPHINE M. DOUGHERTY, his wife, as hereinafter more specifically defined.

Kathleen D. McMahan died intestate on January 3, 1979, thereby predeceasing Margaret Varley who died on March 3, 1981.

Plaintiffs are heirs at law of Kathleen D. McMahan. Plaintiff Virginia Zweifel is a surviving sister. Plaintiffs Edward L. Dougherty, Thomas P. Dougherty, Arthur J. Harr and Thomas F. Harr are nephews. In addition to these plaintiffs, Thomas P. Dougherty, defendant, is a surviving broth-

er of Kathleen D. McMahan. [Apparently, plaintiff Thomas P. Dougherty, nephew, and defendant Thomas P. Dougherty, brother, have identical names].

One defendant is Thomas P. Dougherty, a grantee, and a nephew of grantor Margaret Varley and brother of grantee Kathleen D. McMahan. Other defendants are Josephine M. Dougherty, the wife of defendant Thomas P. Dougherty, and Thomas J. Dougherty and Patricia A. Dougherty Hyde. The latter Doughertys are defendants because defendants Thomas P. Dougherty and Josephine M. Dougherty executed a warranty deed on March 18, 1981 which attempted to transfer the subject real estate from themselves to themselves for life with remainder to Thomas J. Dougherty and Patricia A. Dougherty.

Before addressing the merits of plaintiffs' appeal we are confronted with a claim of defendants that this court has no jurisdiction to entertain the appeal. The relevant procedural facts are as follows:

1. Judgment was entered dismissing with prejudice on November 2, 1987. No motion for new trial was filed as authorized by Rule 78.04 within 15 days after the judgment.

2. Plaintiffs filed a "Motion to Set Aside Court's Order of Dismissal and to Reconsider Defendants' Motion to Dismiss." However, it was filed on December 2, 1987 and may be considered only as authorized by Rule 75.01.

3. The motion to set aside was overruled by the court on December 7, 1987. That ruling was entered after the court lost jurisdiction. The judgment of November 2, 1987 became final 30 days thereafter, on December 2, 1987.

4. Plaintiffs filed a Notice of Appeal on December 16, 1987. The notice was untimely because it was filed more than 10 days after the judgment became final. Rule 81.04(a).

5. On May 12, 1988, defendants filed their brief as respondents with this court. They notified this court of these procedural facts and properly asserted that this court was without jurisdiction to entertain the appeal. In the absence of any further development defendants were entitled to a dismissal.

6. However, on May 27, 1988, plaintiffs filed a motion with this court asking leave to file a late appeal. Rule 81.07(a) permits a special order on motion and notice.

7. This court allowed the late appeal by order entered on June 9, 1988.

■ The relevant provisions of Rule 81.-07(a) are:

When an appeal is permitted by law from a final judgment in the trial court, but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to adverse parties, filed within six months from the date of final judgment, and only upon a showing by affidavit, or otherwise, that there is merit in the appellant's claim for the special order and that the delay was not due to appellant's culpable negligence. When notified of the issuance of a special order by the appellate court the clerk of the trial court in which the final judgment was entered shall permit the appellant to file a notice of appeal within ten days after such notification and the appellant than shall proceed to prepare the record on appeal as if the appeal had been allowed without a special order.

Defendants claim Rule 81.07(a) requires not only a motion to seek a special order but also the existence of a special order within six months of the date the judgment became final. We reject this contention. The Rule requires only a "motion with notice to adverse parties, filed within six months from the date of final judgment." The Rule does not provide and does not require a ruling that a special order entered after six months on a motion filed before six months have expired is ineffective. In that respect, Rule 81.07(a) relating to a special order from an appellate court differs from Rule 81.04(a) relating to an

ordinary notice of appeal. We find that we have jurisdiction to consider the merits of plaintiff's appeal.

Defendant's motion to dismiss alleged the following grounds:

8. That Margaret Varley's conveyances to Kathleen McMahan and the Doughertys as remainderman was contingent in that Margaret Varley reserved for the term of her life the power to sell, mortgage, encumber by deed of trust, convey, lease, rent or otherwise dispose of.

9. That by virtue of the fact that Kathleen McMahan predeceased Margaret Varley and left no lineal heirs or heirs of the body her remainder interest lapsed upon her death.

10. That the plaintiffs as heirs of Kathleen McMahan have no right, title or interest in said real estate as Kathleen McMahan's remainder interest was contingent upon her surviving Margaret Varley.

11. That in the alternative, if the Court finds that Kathleen McMahan's interest in the said real estate was vested in spite of her predeceasing Margaret Varley then the plaintiffs still have no right, title or interest as Kathleen McMahan's remainder would only vest to her lineal heirs or heirs of the body.

We conclude from the motion and from the briefs and argument made to this court that paragraphs 8 and 10 of the motion allege a single ground for dismissal, namely, plaintiffs' predecessor in title, Kathleen McMahan, was the grantee of a contingent interest which failed when she predeceased the grantor. The second ground appears in paragraphs 9 and 11 where defendants allege in the alternative that if Kathleen McMahan's interest in the real estate was vested, not contingent, then plaintiffs are not entitled to receive that interest because they are not lineal heirs or heirs of the body of Kathleen McMahan who died intestate. Simply stated, defendants contend in the alternative that if McMahan received a vested interest in remainder, then that interest was not saved by the anti lapse statute, Section 474.460 RSMo 1978, and

plaintiffs inherited no interest in the real estate.

We find that defendants were not entitled to a judgment of dismissal on either ground. We reverse and remand.

■ Defendants cited no cases for the benefit of the trial court or before this court for the proposition that Margaret Varley transferred only a contingent interest to Kathleen D. McMahan in the deed of May 11, 1972. We find no authority for that proposition. The deed conveyed a present interest in remainder and did not require any grantee to survive. Further, because no provision for joint tenancy was described McMahan and the Doughertys, as grantees, received interests as tenants in common. Section 442.450 RSMo 1969. By definition, a tenancy in common eliminates any requirement of survivorship among grantees by creating separate divisible interests in real estate.

A number of Missouri cases have adopted the rule that reservation of a life estate with a full power to sell by a grantor does not result in a contingent interest of the grantee as a remainderman. This rule was adopted and followed by the Supreme Court in *Waddell v. Waddell*, 99 Mo. 338, 12 S.W. 349, 350–351 (1889), and *Chew v. Keller*, 100 Mo. 362, 13 S.W. 395, 396 (1890). In *Chew*, the court observed that the law favors vested estates where there is any doubt. *See*, *McFarland v. Bishop*, 282 Mo. 534, 222 S.W. 143, 147–148 (1920). More recently, in 1953, our Supreme Court en banc ruled *St. Louis County National Bank v. Fielder*, 364 Mo. 207, 260 S.W.2d 483 (banc 1953). The court there considered a quit claim deed in which the grantor transferred his residence to himself for life and reserved a power to sell. The court held the reservation of the power of sale in the deed did not delay vesting of title and accordingly the deed conveyed a present interest in remainder. In *Julius v. Buckner*, 452 S.W.2d 139 (Mo.1970) the court again considered a case where a grantor reserved a power of sale. It noted an obligation to determine the intention of the grantor and held that both the form of the deed and the fact of its having been recorded indicated grantor's intention to create a present interest. *Id.* at 142.

We find and hold that the trial court erred as a matter of law if it granted a dismissal on defendants' allegation that McMahan had only a contingent interest which required McMahan, grantee, to survive Varley, the grantor.

 The alternative argument fails because the anti lapse statute, Section 474.-460 RSMo 1978, has no application to a deed. Plaintiffs' rights of inheritance flow from Section 474.010(2)(b) RSMo 1978. There is no requirement that plaintiffs must be lineal heirs or heirs of the body of Kathleen McMahan in order to inherit intestate her vested, undivided one-half interest in the real estate which she received when the Varley deed was prepared and recorded. That interest may have subsequently failed if Varley had sold or transferred the property under the reserved power of sale. No such sale or transfer occurred.

Section 474.460 RSMo 1978 has no application to the facts. It relates only to wills and protects a limited class from lapse by reason of the prior death of a beneficiary named in a will before the testator. The rationale of the statute has no application to a transfer of a present interest by deed. A deed speaks when executed. A will speaks at the time of death. Obviously, a grantor may expressly create a contingent remainder but Varley did not do that. Nor did Varley subsequently transfer the interest under the power of sale. We find and hold that the alternative ground stated in the motion to dismiss was without merit as a matter of law.

We find that both of the grounds stated in defendants' motion to dismiss were without merit as matters of law. The judgment of the trial court dismissing plaintiffs' petition with prejudice is unsupported by law and must be reversed. We reverse and remand.

GRIMM, P.J., and PUDLOWSKI, C.J., concur.